

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2002

# USA v. Simon

Precedential or Non-Precedential:

Docket 0-2271

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Simon" (2002). *2002 Decisions.* Paper 153.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/153

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-2271


UNITED STATES OF AMERICA

v.

ELLIOT SIMON, a/k/a June

Elliot Simon,
                    Appellant



On Appeal from the United States District Court
        for the District of New Jersey
        (D.C. Crim. No. 99-cr-00398)
    District Judge:  Hon. Anne E. Thompson


Submitted Under Third Circuit LAR 34.1(a)
              February 4, 2002

    Before:  SLOVITER and AMBRO, Circuit Judges, and POLLAK,
District Judge

        (Filed:  March 6, 2002)



                OPINION OF THE COURT

SLOVITER, Circuit Judge.
                            I.
    This appeal by Elliot Simon from his conviction and sentence is before us on a
brief filed by Simon's counsel pursuant to Anders v. United States, 386 U.S. 738 (1967),
in which counsel has stated that there is no non-frivolous challenge to the plea agreement
and/or sentence, and thus there was no matter that was arguably appealable.  Simon was
advised that he had the opportunity to file a pro se brief and he has done so, filing both a
pro se brief and a reply brief.  We have carefully reviewed all of the briefs filed in this

case, and find no reason to reverse the judgment of the District Court. Because we write solely for the parties, we need not set forth a detailed recitation of the background for this appeal and will limit our discussion to resolution of the issues presented.

## II.

Appellant Simon was originally charged in a nine-count superseding indictment and forfeiture allegation with one count of conspiracy to distribute, and to possess with intent to distribute, crack cocaine in violation of 21 U.S.C.  846, contrary to 21 U.S.C.  841(a)(1); one count of distribution of cocaine in violation of 21 U.S.C.  841(a)(1) and 18 U.S.C.  2; and seven counts of distribution of crack cocaine in violation of 21 U.S.C.  841(a)(1) and 18 U.S.C.  2.  The government filed a superseding enhanced penalty information notifying Simon that he was subject to enhanced statutory penalties in regard to Counts 1 through 9.

Some six or seven months later, Simon entered a guilty plea to Count 1 charging that he conspired with others to distribute and to possess with intent to distribute more than fifty grams of crack cocaine.  That plea was entered pursuant to a written cooperating plea agreement.  Simon stipulated, inter alia, that he had been convicted in New Jersey of the felony of possession with intent to distribute a controlled substance, that he had also been convicted in New Jersey of aggravated assault, also a felony, and that the offense to which he pled in this case involved the distribution of more than fifty grams of crack cocaine.  Simon also waived his right to appeal or otherwise challenge his offense level, except that he reserved his right to appeal a finding that he qualified as a career offender under U.S.S.G.  4B1.1.  The presentence report (PSR) found that Simon qualified as a career offender within the meaning of U.S.S.G.  4B1.1.

In fixing the offense level in the PSR, the probation office calculated a total offense level of 34, which represented an offense level of 37 less 3 levels for acceptance of responsibility.  The probation office also calculated Simon's criminal history category at VI in light of his numerous prior convictions, which resulted in an applicable sentencing guideline range of 262 to 327 months imprisonment.  Furthermore, it calculated that Simon was subject to a statutory mandatory minimum term of

imprisonment on Count 1 of 20 years and a statutory maximum term of life imprisonment.

Pursuant to the plea agreement, the government filed a motion seeking a downward departure under U.S.S.G. 5K1.1 based on Simon's substantial assistance. Although the parties had stipulated that Simon would not seek a downward departure, defense counsel filed a sentencing memorandum in which he did seek such a downward departure based on the claim that the career offender designation overstated the seriousness of Simon's criminal history. The District Court declined to grant the departure, finding from Simon's criminal history that he more than qualified for career offender designation. The District Court took into account the government's motion for a downward departure from both the guidelines range and the statutory mandatory minimum and sentenced Simon to 168 months imprisonment, ten years supervised release, and ordered that he pay a $1,000 fine and a $100 special assessment. This represented a substantial downward departure. Simon filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. 1291.

III.

In light of the Anders brief, the contested issues before us are those raised by Simon in his pro se brief. He argues first that his guilty plea was involuntary because he was informed of an erroneous statutory maximum and minimum penalty applicable to the drug conspiracy charged in the indictment. Simon relies on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), where the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. This court held in United States v. Williams, 235 F.3d 858 (3d Cir. 2000), that Apprendi provides no basis for relief to a defendant who receives a sentence below the otherwise applicable statutory maximum, even if the findings exposed the defendant to a higher statutory maximum. Id. at 862-63. Even assuming Apprendi would apply in a guilty plea case, under the circumstances of this case, in which Simon's sentence was considerably below the applicable statutory maximum, Apprendi is

inapplicable.

Nor can Simon prevail on his argument that his guilty plea was involuntary. The District Court thoroughly explained to Simon that he faced a statutory mandatory minimum of 20 years imprisonment and a statutory maximum of life imprisonment. Simon appears to argue that his statutory maximum was thirty years, not life, and therefore he was misinformed by the District Court, which led to his guilty plea being involuntary. However, the District Court did not err. Under 21 U.S.C. 841(b)(1)(A)(iii), a defendant convicted of violating section 841(a) with fifty grams or more of a mixture containing cocaine base, i.e., crack cocaine, is subject to a life sentence. Simon pled guilty to violating section 841(a), the indictment charged that he distributed in excess of fifty grams, and he stipulated to that drug quantity both in the plea agreement and admitted it before the District Court. Therefore, his argument that the plea was involuntary is frivolous.

The second argument made in Simon's pro se brief is that the District Court erred in the application of the enhanced penalty provision of 21 U.S.C. 851. He argues that one of his prior convictions is more consistent with simple possession and use of drugs and therefore is not an appropriate basis to support the enhanced penalty provision.

However, as the government notes, Simon stipulated that he was convicted in New Jersey on June 15, 1990 of the felony of possession with intent to distribute a controlled substance. In fact, he was convicted of three offenses, and he challenges only one of the three. Moreover, as the government points out, Simon's sentence of only fourteen years imprisonment did not exceed the twenty-year statutory maximum sentence that would have been applicable even if the enhanced penalty information were not filed. There was no error in applying the enhanced penalty to Simon.

                                    IV.

For the reasons set forth above, we will affirm the judgment of conviction and sentence, and we will grant counsel's motion to withdraw.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Delores K. Sloviter
    Circuit Judge